thank you may it please the court my name is Bill Pickett I represent the plaintiff appellant in this case EL Ford the issue before the court today is whether there was sufficient evidence at the trial court to support mr. Ford's claim that he was booked into jail in retaliation for his speech let me ask you let me just so that we focus what we are talking about and we aren't talking about now I know that you know my understanding is that the district court said that there was no First Amendment violation and granted summary judgment to the city on that point did not reach the second prong did not reach the qualified immunity issue is that correct but you both briefed that and now my understanding and correct me if I'm wrong just so that you are not challenging the district court found that there was probable cause to arrest or detained I guess at the time that your client I watched the video I'm sure that we all did and that when he pulled over came and jumped out of the car proceeded to the officers there was a confrontation and that and there was there was probable cause to arrest for a noise violation at that point then it moves into so you're not challenging the probable cause to arrest at that point and what and so it's undisputed that there was probable cause there so then it goes into at there's a statute that allows the officer discretion as to whether to cite or book at that point and so then we have an interlude that follows there and so if the officer had just arrested him right there taking him to jail and booked him we wouldn't be here we wouldn't be here because we would not have the officers own stated what are essentially admissions on the record of why he took Mr. Ford why he decided to exercise that discretion and the issue is did he exercise that discretion in a manner that violates Mr. Ford's First Amendment rights and the record is chocked full of statements made by the defendant officer Mr. Urlacher saying things like if you shut your mouth I won't take you to jail. I guess what I'm struggling with here is that and I think it's undisputed that there's a statute that allows for discretion so the officer and it points out certain things about the exercise of discretion and I'm assuming by your work if you do these cases regularly or anyone that has had any foray into criminal law generally speaking there's generally discussions that people getting arrested stop for traffic things any number of things even though your client it seems undisputed that your client stopped without having the lights put on him that I'm wondering and it's commonly to determine is someone getting the point of what you're saying are they going to be compliant are they going to be safe is there is an evaluation of conduct and that conduct always involves language if we were to accept your premise is every time that someone's not happy about being arrested or gives lip to the officer as it were which is not an uncommon issue on the street is there always a tribal issue that that they're exercising the First Amendment right so I mean I'm seeing where you're going and I'm I'm concerned that because I know that I've rarely seen happy people over in in the arrest situation and so is everything a tribal issue you know it is not your honor and the difference in this case are the admissions made by officer or lacquer at the scene he doesn't say shut up so you can listen to me and if you look at our excerpt of records starting on page 52 is where you start to see the discussion and how it very centrally focuses in on telling Mr. Ford if you run your mouth I will book you in jail for it he goes on to say if you keep running your mouth if you have diarrhea of the mouth I will take you to jail he then told Mr. Ford after he was handcuffed that you're going to jail because you wouldn't shut up but why is that conduct that you're not compliant you know why did it I mean that is one way to that it is also if a person keeps arguing with you they're not getting the point you put me over his first words out you put me over because I'm black and I'm driving a Cadillac okay let me just say here that I thought even more important were his statements to the other officers I don't know if I'm going to book him yet I'm going to see if they'll shut up yes so he's under arrest for the city noise ordinance right now if he shuts up I'll let him go with a ticket if he would have acted like a human being toward me I would have treated you like a human being etc and that your honor is an improper exercise of his discretion as a law enforcement officer we will concede these officers are faced with situations where they have to exercise their discretion however the Constitution prohibits them from exercising that discretion in a manner that violates a constitutionally protected right and under the city Houston versus Hill case it has long been set that verbal criticism of police officers is perfectly acceptable and we cannot be taken to jail nor and more importantly can an officer say I usually like officer or like I said I usually write a citation and let people go but in this case because you would not shut up I'm taking you to jail that is that smacks right at the heart does it make it yes your honor make a difference in the manner in which the objection is made this one just sort of a simple little saying I don't certainly don't agree with your doing this this was a guy who does that make a difference I think if we are if Mr. Ford were charged with obstruction your honor which he was not so there's no evidence that he obstructed the law enforcement officers ability to perform his duty that would make a difference because then it's it's not speech in that context it's conduct and in this con in this context in this case it's clear from the admissions and a reasonable jury most importantly a reasonable juror or jury could take the words the admissions by officer or lacquer and take it right to the heart of the case and so you know what his words say here he booked this man because he spoke and let me ask you this on the clearly established part of it you mentioned the city of Houston is that your clearly established law that is that verbal verbal criticism in that case was a probable cause to arrest I do not I do not know if there was a PC issue the PC issue here your honor goes to the school case we're in a in an ordinary retaliatory arrest case probable cause is not an issue and that's according to school versus county of Clackamas 2007 where there is probable cause to arrest and he could have just done it right there and he doesn't have to try to give the person that an opportunity to calm down you know he just says I'm I don't want to deal with you I'm just taking you to jail then then all is what then what what's the clearly established law in in this situation where if you try to wait and you interact with someone that then suddenly it's clearly established that you're you've moved into First Amendment for a well the first clearly established law is under skugan that is the probable cause doesn't wash this case out the absence of probable cause or what probable cause isn't an issue but how does the presence of probable cause where there is the presence of probable cause you could have arrested him but you don't and you wait to see if things get better how does that you know how how is an officer clearly how is it clearly established that an officer if you try to give a person a chance to calm down that they've now you give it they've now violated the First Amendment you're violating the Constitution the First Amendment when you tell the person shut your mouth or I'm taking you to jail that's clear that isn't that is clearly established we have the right under the city of Hill or city of Houston versus Hill case to engage verbal criticism and officers well they may not like it well I may not like it or the court may not like that even if you have probable cause to arrest them before that then arrest them in this case probable cause isn't an issue because skug says that probable cause in retaliatory arrest setting the absence or the presence is it's not it's not factored into the consideration and the police ought police know that because that decision predates mr. Ford situation and they know that under that case under skug if you cannot you cannot retaliate in a way that chills speech clearly mr. Ford his any citizens right would be chilled if an officer says shut up or you're going to jail and if you shut up I'll write you a ticket that chills speech and the but for analysis is met here as well because the officer again himself his own words say I would have given you a ticket but you wouldn't you talk yourself into this we've established both prongs of that test I'll reserve to sell no well I we have some quite we've got some questions so well you know we yeah no I appreciate you doing that but I think that there's some interesting I do have a question I'd like just to insert here and that deals with qualified immunity yes if we hold that there there was a First Amendment violation why shouldn't we remand on the question of qualified immunity you could remand on unqualified immunity however there is if you took if you look at the saucier versus cats analysis and you say under the first prong there is a clearly constitutional protection of to criticize police or and then the second analysis would an objectively reasonable officer believe that what you're doing is wrong they would absolutely in this case have to not only believe it but know it's wrong to say to a person or to arrest a person because of speech now the officer tried to combat that at his deposition and offer up some self-serving responses like well I was afraid of the mr. mr. Ford would be a danger to himself or the community that is not there's nothing like that in that coban video nothing all there is is the officer saying it's his words it's his speech essentially that is condemning him in this case if you don't shut up I'm taking you to jail officers can't do that not in America so are you encouraging us to reach the qualified immunity issue here no I'm not I well it has to it has to be reached somewhere well I think you can work I think you you just said I understood you to say when judge Nelson asked you should be remanded and you said well no because it's clearly established that he couldn't do what he my apologies yes no remand we do want to remand we want to remand for trial and they still have to he still had no one's looked at qualified immunity so either this court has to look at the judge should look at it I apologize for that I thought mr. judge Zuko had looked at the qualified immunity issue I may be incorrect in at any rate as I understood you you have no objection to remanding I do not but as I heard you arguing there are enough facts here for as a matter of law for us to say it was not qualified me am I understanding you correctly thank you all right thank you okay all right thank you we'll get what depending on what we hear I probably will give you a little rebuttal because we want to hear the arguments here thank you not like we don't want to hear other people but sometimes we have more questions than other times good morning morning may please the court my name is Tom Miller I'm the attorney for the city of Yakima officer or lacquer and lieutenant Wentz who's here in the courtroom with us today this is absolutely a case about actions and not words mr. Ford's actions drove the decision to book him into prison or into jail that night you've reviewed the coban video this this entire episode was captured on video and it begins with mr. Ford without any explanation whatsoever getting out of his vehicle at a stoplight when a police officer is behind him without his emergency lights even activated and gesture basically throwing his arms up in the air as if to say why are you behind me apparently it's conceded that there was probable cause to arrest him absolutely at that and so but that's what I think so we're there so then the question is when the officer exercises his discretion at that point going through there and you know and I expressed my concern to appellants counsel in that I brought a lot of police reports I've seen a lot of frequently people aren't cheerful about the fact that they that an officer is going to either get them a ticket or arrest them or anything along those lines so you know lip is not a not a part and I think that commonly officers look at that to determine is this person compliant are they going to do what I say are they gonna appear are they you know can I let them out but he does make these statements like hey you know you bought yourself you know basically you're going to jail because you run your mouth and so how do we you know how do we assess something that we know that probably happens all the time when officers are dealing with people and what's First Amendment what's conduct all of that and where does the probable cause component how does that figure into all of it since the appellants concessed if he had arrested him right there there's no case well then you kind of say well no good deed goes unpunished when you're trying to say can I cite you or arrest you I'd rather not take you to jail but if you don't get under control you're gonna go to jail so what what do we do here well it's critical that we look at the record in this case because officer or locker when he is transporting mr. Ford to jail he says you're going to jail number one because you acted or because you acted a fool he's not talking about words he never says to him I don't like what you're saying you're going to jail it's the act of talking he's not listening an officer or locker makes that clear both on the coban recording and also at his deposition I was trying to get a point across he wasn't listening to me that tells me as an objectively reasonable officer that this person isn't getting the message he's he's got information from lieutenant Wentz that says look I've had prior interactions with this guy he broke someone's jaw he's prone to violence let's put him in jail for the night let him cool off and that goes to the statute which is actually a criminal rule for courts of limited jurisdiction where officers are allowed discretion to book a suspect into jail if it appears reasonably necessary to prevent physical harm or to prevent a breach of peace yet what do we do with the all the statements the reason why you're going to jail is because you wouldn't shut your mouth wasn't because you're the way you were acting anything is because you wouldn't shut your mouth well and judge hug the distinction there is it again it goes to the act of he's busy talking he's not busy listening the officer is trying to assert control over this very tense and uncertain and admittedly by plaintiff rapidly evolving situation mr. Ford as soon as he pulled his car over for the traffic stop jumps out and dares officer urlacher to use force he taunts him saying you better use some force that puts an objectively reasonable on officer I noticed that this person may be violent and he needs to proceed accordingly and it's part of that that isn't what the officer said the reason he was sending him to jail was because of any of those actions or anything it was because he wouldn't shut his mouth well he says to respectfully he says to him in the in the patrol car he says because you acted a fool because you violated the city's noise ordinance violation and he talks about acting he doesn't talk about words he talks about acting you acted a fool but what an record 104 so he's under arrest for the city noise ordinance right now if he shuts up I'll let him go with the ticket right and that goes back to he's too busy talking he's not listening any quick an officer urlacher clarified that at his deposition as well where he says it was he refused to listen he was acting out of control and irrational towards police if he had stopped talking calm down settle down officer rocker may have made a different decision but he he testified that this was not a but for motivation for the decision to book I mean the decision wasn't made until after he conferred with lieutenant Wentz who provided him with this additional background information about mr. Ford and his interaction with mr. Ford and coupling that with the objective behavior that he observed that night on this traffic stop that colored the answer why isn't there a tribal issue on that if you give all inferences to you know on that let's just assume that you give all inferences which when you grant summary judgment you have to give all inferences to the party that you're ruling against so why isn't the officer's statement a perfectly good interpretation of it but then also what he's saying another interpretation and why isn't it up to you know that a jury could say hey he wasn't punishing him for his for exercising his rights the guy was acting a fool and fine for the officer but that's that why why is summary judgment why isn't that a tribal issue well because when you look at the totality of this exchange rather than just these choice snippets that mr. Ford is obviously focusing on for every statement where he says shut your mouth or you go to jail he's also then later on that it is because of his actions if you just acted normally and treated me like a human being you know you wouldn't be going to jail so then the argument though if I play the devil's advocate here the argument is if looking at the totality that all of that is going on for in order to sustain a summary judgment on that it has to be give all the inferences and as a matter of law he cannot state a claim that doesn't mean he wins it just means as a claim correct and I think we've got that marshaled but I mean I think you've made that we know what we all watch the video right so let's go to the the qualified immunity my understanding is that the judge below didn't get to that well he got I mean obviously it was all analyzed under the first step because you never well but you have to go to the second step to analyze for qualified immunity right and so we because it's de novo looking to the second step even if you assume for purposes of summary judgment that there's a tribal issue on whether he violated his First Amendment rights you still have to analyze whether there's any case law in effect on July 17 that's what I want to talk about that's what I want to talk about and so then the question is let's just assume for argument's sake that we say that there's a tribal issue does the district court need to make that determine the track that is or is that something that this court can do is there anything we have the video you know we've all looked at that so if you're saying you're saying this court can do it right but now tell me he lists it you know the opponents council talked about skug and I think City of Houston correct tell me why those cases are not clearly established law well they certainly are clearly established but they're factually distinct in skug you know you had a statement from it was a situation where it developed over time there was a meeting at a cocktail party or some sort of a fundraiser where this plaintiff has an interaction with the chief of police and the chief of police tells him you shouldn't sue police officers and it wasn't right to sue cops and taking that and then there's this kind of long formulated decision over a course of days in which they formulate a probable cause to charge this person with a crime and then it turns out the contest concession that there was probable cause when mr. Ford without being spotlighted you know there was no pullover he pulls over in his own charges out accuses the officer of being you know racially motivated and that he and that he's being stopped for being a black man in a Cadillac and and he's a big guy and he's charging at the car so there's everyone agrees that there's probable cause is that the opponent's counsel seems to say what the presence or absence of probable cause still that this officer should have been on notice that he was violating the First Amendment rights but what say you on that or what would have to be out there I couldn't find anything specifically in what here you have now we move into an exercise of discretion in terms of how an officer exercises his discretion as to whether to book or site is there are you saying there needs to be something in that area yeah officer on notice I would say that absolutely because as I pointed out in the brief I mean when is when a right is subject to a balancing test and this has a balance between the PC and even if you assume that the words on face value established retaliatory motive retaliatory motive and there's no case putting him on notice that were you have not just strong probable cause we have established probable cause in this case it is unchallenged it is the law of the case he had probable cause as a matter of law and as the Dietrich court noted you know and and you hit on this Callahan in your first question to mr. Pickett that the Dietrich court at page 901 says there's almost always a weak inference of retaliation whenever plaintiff and a defendant have had previous negative interactions and that kind of goes to any time there's a there's a an arrest made the person is not going to be happy and there's nothing putting officer or lacquer and lieutenant Wentz on notice that when you've got objectively legal bases for taking this person to jail to cool off for the night so they don't see him again later under worse circumstances he's got he's been acting erratically he's challenging the officer to use force all those factors color this have that and also where you've made statements indicating that that implicates speech you're now in retaliatory grounds he had perfectly legitimate lawful bases for booking let's say okay let's say that he had the probable cause to arrest him but then after let's say the officer had said after that I'm deciding to book you and not cite you because you are black that that pretty clearly would we would say okay no you can't you know you can't exercise your discretion based on race okay so I don't think that's exactly what we have here though and so what we have here is the officer deciding to I book or do I cite and you know you're saying it's conduct he's saying it's but the officer is saying you know I have to you know I've got to decide whether you you know there's no doubt that I could book you but whether I let you go or not depends on how you behave how you how you whether you appear to be compliant or anything along those lines are you saying that that would that requires additional specificity in a case law to put an officer on notice that he needs to be thinking about the First Amendment of the Constitution I would say so yes there's no case that was established in July of 2007 that had the factual specificity that would that would be necessary to defeat qualified is there a case sense that you think would put the officer on notice I have not seen one and I think this Dietrich case is very strong because it like this case has strong probable cause and weak retaliatory motive and I think this case is more similar to Dietrich in that sense where the court found no constitutional violation grant qualified is is the second question about the reasonableness is that a question for the court strictly that is absolutely a question for the court because it's the second prong of the saucier qualified analysis and that's a question that should be answered as a matter of law all right in the second prong can that decision be made by our court or does have to go back to the district court to me no it can be made by this court because this matter is up on appeal on a summary judgment and it's reviewed de novo so we're looking at it with fresh eyes and anytime a qualified immunity defense is raised you can just because the district court didn't get to the second prong doesn't preclude this court from getting to that prong it's raised in the briefs isn't it oh yeah I briefed it okay did does anyone have additional questions all right thank you thank you I'll give you two minutes for rebuttal or as long as our questions keep you so thank you the case that sets the standard is scoob case and the language that protects the right is the language where the court says we've decided today that the right exists to be free from police action for which retaliation is a for cause even if probable cause exists that sets officer or lacquer and the Yakima Police Department on notice that you can't arrest people for speaking and more importantly you cannot exercise your discretion in a way that violates that right that is announced in school and it's it got where we I think probably see things slightly different is the example that you use your honor could officer or lacquer say I typically cite and I release but you're black and that because of that I'm taking you to jail we would be outraged and say absolutely not the same is true when the officer says I normally cite and release but because of your mouth your speech I'm taking you to jail the First Amendment stand strong and says absolutely not just as strong as if this were a case about him being booked because of his race it's there and it's an undeniable right the comments about Dietrich was clearly a case where the plaintiff was not able to establish causation and the court talked about there being weak evidence of retaliation we got the strongest evidence of retaliation that there can be we got an officer actually making statements telling us and in this case hopefully telling the jury by his admissions in the coban you're going to jail because you run your mouth that is not allowed and officer or lacquer clearly the case law was established before this incident in school that you can't retaliate against people because they speak and you cannot just exercise that discretion in a fashion that violates the Constitution and that's what happened here Dietrich says you need to wrap up your overtime but just go ahead wrap up your last thought is that the PC issue is not dispositive not at all and what happened to summary judgment here is that the judge in looking at his order said well I don't think any reasonable juror could look at this and conclude that this was a retaliatory arrest we differ in that the officer said in this case at the scene and they could find for Mr. Ford and that would be very reasonable thank you all right thank you both for your argument this matter will stand submitted
judges: Hug, Nelson, Callahan